JOHN COURTNEY v. MORTON RURAL TELEPHONE COMPANY AND ANOTHER.[1]

March 6, 1925.

No. 24,412.

**Contract of employment not authorized by spoken words.**

1. An employer testified that he said to an employe who was about to leave his service: "I told him to get me a man in his place." *Held* that this language did not authorize the making of a contract of employment.

**Conversation between agent and defendants admissible.**

2. Plaintiff claimed that defendants through an agent made an express contract of employment with him. As bearing upon the auth-

[1]Reported in 202 N. W. 442.

ority of the agent, defendants had a right to show all the conversation they had with the agent to show the extent of the authority, if any, given.

*Headnote 1. See Agency, 2 C. J. p. 659, § 306.
Headnote 2. See Agency, 2 C. J. p. 942, § 702.

Action in the district court for Renville county to recover $1,-693.50. The case was tried before Baker, J., and a jury which returned a verdict for $2,013.70. From an order denying their motion for a new trial, defendants appealed. Reversed.

*John A. Dalzell* and *Bert O. Loe*, for appellants.

*Lindquist & Nordstrom, C. A. Fosnes & John C. Haave*, for respondent.

WILSON, C. J.

Action to recover money upon an alleged express contract of employment. The answer denies the contract. Plaintiff was given a verdict for $2,013.70. Defendants have appealed from an order denying their motion for a new trial.

Plaintiff did work for defendants as a telephone lineman. He succeeded one Frank Niles who left this employment to enter the military service. Plaintiff entered defendant's employment at the suggestion of Niles. They acquiesced therein. There was no talk between plaintiff and defendants as to the amount of plaintiff's wages. Plaintiff's version shows an express contract made with Niles and he claims that Niles was defendants' agent authorized to fix the amount of the wages, which Niles assumed to do. Whether plaintiff has an express contract depends upon whether Niles had authority to make one.

Plaintiff proved that the defendants asked Niles "to get somebody" for them, and as one of defendants testified: "I told him to get me a man in his place." This is the extent of the proof of authority given Niles. The language used does not tell Niles to hire or employ a lineman, but to get one, obviously reserving unto themselves the right to make their own contract. The language as disclosed is a simple request to Niles to put someone in touch

with defendants with whom they might, if they saw fit, make a contract of employment. It did not confer upon Niles any contractual authority of any kind. Of course the invitation of the character given and the acceptance of the labor of plaintiff would permit him to recover the reasonable value of his labor without an express contract. But the record fails to show authority in Niles to make a contract of employment. Upon another trial it may be shown.

In view of another trial we need only say that in our opinion the evidence excluded was not hearsay and should have been received. It related to the whole conversation, only a part of which was disclosed. The entire conversation with Niles relating to his getting someone to take his place was admissible as bearing upon the extent of his authority, if any, to act for defendants. Whether plaintiff is bound thereby depends upon the substance and character of the language used.

Reversed.